UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MONIQUE TORREGANO AND TIA TORREGANO** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-6111** |
| **BOBBY D. CROSS, CRETE CARRIER CORPORATION, AND GREAT WEST CASUALTY COMPANY** | **SECTION "K"(3)** |

## *ORDER AND REASONS*

Before the Court is a Motion to Remand filed on behalf of plaintiffs Monique Torregano and Tia Torregano contending that this court lacks subject matter jurisdiction over this civil action because plaintiff Tia Torregano's claim does not exceed the $75,000 amount-in-controversy requirement for diversity of citizenship jurisdiction (28 U.S.C. §1332). After reviewing the pleadings, memoranda, and relevant law, the Court hereby denies the Motion to Remand for the reasons assigned below.

### *I.  BACKGROUND*

Monique Torregano and Tia Torregano filed suit in Civil District Court for the Parish of Orleans against Bobby Cross, Crete Carrier Corporation, and Great West Casualty Company seeking damages for injuries sustained in an automobile accident resulting from a collision between the car driven by Monique Torregano and the tractor-trailer truck owned by Crete Carrier Corporation and operated by Bobby Cross. Complying with the pleading requirements of Louisiana Code of Civil procedure Article 893, plaintiffs did not plead a specific amount of damages in the petition. However, shortly after filing suit, counsel for plaintiffs filed a "Stipulation of Damages"

stating that Tia Torregano stipulates that her damages are less than $75,000, exclusive of interest and costs, and that "Monique Torregano <u>does</u> <u>not</u> stipulate that her damages are less than $75,000."(emphasis in original). Thereafter defendants removed the suit alleging federal jurisdiction based on diversity of citizenship, and alternatively asserting that if any of plaintiffs' claims were not subject to diversity jurisdiction, this Court was authorized to exercise supplemental jurisdiction over the claim pursuant to 28 U.S.C. §1367.[1]

## *II. LAW AND ANALYSIS*

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. <u>28 U.S.C. § 1441(a)</u>. The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R. & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995). In assessing whether removal was appropriate, the Court is guided by the principle that federal courts are courts of limited jurisdiction which are precluded from entertaining a suit unless authorized by law. *Coury v. Prot*, 85 F.3d 244 (5th Cir.1996). The Court may remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." <u>28 U.S.C. § 1447(c)</u>.

Under 28 U.S.C. § 1332(a), a federal court has original jurisdiction over the subject matter of a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of

---

[1] Title 28 U.S.C. §1367(a) provides in pertinent part that, except in situations not relevant to this case:
> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case and controversy under Article III of the United States Constitution.

interests and costs, and the action is between citizens of different states. Plaintiffs concede that there is complete diversity of citizenship and do not challenge defendants' contention that Monique Torregano's claim satisfies the requisite jurisdictional amount. At issue is whether Tia Torregano's claim exceeds the $75,000 amount-in-controversy threshold.

Because plaintiffs do not contest that Monique Torregano's claim satisfies the requisite jurisdictional amount, no extensive analysis of the amount-in-controversy in Tia Torregano's claim is necessary. Where, as here, one of the plaintiffs in an action satisfies the amount-in-controversy requirement, and the other elements of diversity jurisdiction are present, 28 U.S.C. §1367 authorizes supplemental jurisdiction over the claims of other plaintiffs in the same action even if those claims do not individually satisfy the jurisdictional amount mandated in §1332. *See Exxon Mobil Corporation v. Allapattah Services, Inc.*, 545 U.S. 546, __, 125 S.Ct. 2611, 2615, 162 L.Ed.2d 502 (2005); *see also Corkern v. Outback Steakhouse of Florida, Inc.*, No. 05-5487, 2006 WL 285994 (E.D. La. Feb. 6, 2006). Thus, the Court can exercise supplemental jurisdiction over Tia Torregano's claim regardless of whether it satisfies the amount-in-controversy requirement of diversity jurisdiction. Accordingly,

**IT IS ORDERED** that the Motion to Remand brought by plaintiffs Monique Torregano and Tia Torregano is hereby **DENIED**.

New Orleans, Louisiana, this 21st day of November, 2006.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE