## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

MONIQUE TORREGANO                                    CIVIL ACTION

VERSUS                                               NO. 06-6111

BOBBY D. CROSS, et al                                SECTION "K" (3)

### ORDER AND REASONS

Currently before the Court is Plaintiffs' Motion for Reconsideration of the Court's Order granting Defendant's Motion in Limine.  Rec. Doc. 88.  Defendant filed an Opposition.  Rec. Doc. 91. The Motion came for hearing without oral argument on April 16, 2008, and was submitted on the briefs.  The Court, having considered the arguments of the parties, the record, the law and applicable jurisprudence is fully advised in the premises and ready to rule.

## I.      BACKGROUND

Plaintiffs were allegedly struck by a tractor trailer operated by Bobby Cross and owned by Crete Carrier Corporation on May 25, 2006.  Plaintiffs filed this action in the Civil District Court, Parish of Orleans, for injuries received in the accident.  Exhibit "A" attached to Rec. Doc. 3.  The action was removed to this Court on September 19, 2006.  Rec. Doc. 1.

Bobby Cross previously filed a Motion in Limine requesting that the Court exclude any testimony, documents or evidence pertaining to: (1) his traffic violation received for the accident at issue; and (2) a previous traffic incident in April 12, 2007.  Rec. Doc. 40.

This Court granted Cross' Motion finding that the traffic citation for this accident was not prosecuted and was dismissed, making any evidence of said ticket irrelevant under FRE 401. Furthermore, the Court found that the April 12, 2007, was incident irrelevant under FRE 401 and its admission highly prejudicial under FRE 403.  Rec. Doc. 85.

Plaintiffs filed the instant Motion for Reconsideration pursuant to FRCP 59 requesting that the Court reconsider its Order arguing that new evidence has been discovered which was not previously available.  In particular, plaintiffs point out that on January 14, 2008, after the Motion in Limine was filed, Cross pled guilty to the citation.  Rec. Doc. 88.

Cross' Opposition argues that the evidence is not new because plaintiffs knew of the plea for almost two months prior to Court's Order, yet failed to supplement their Opposition to the Motion in Limine.  Rec. Doc. 91.

## II.    LAW AND ANALYSIS

There is no motion for "reconsideration" in the Federal Rules of Civil Procedure.  *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir.1998); *Bass v. U.S. Dept. of Agriculture,* 211 F.3d 959, 962 (5th Cir. 2000).  Further, a motion filed after judgment requesting that a court reconsider its decision constitutes either a motion to "alter or amend" under FRCP 59(e) or a motion for "relief from judgment" under FRCP 60(b).  *Texas A&M Research Foundation v. Magna Transp., Inc.,* 338 F.3d 394, 400 -401 (5th Cir 2003).  Under which Rule the motion falls turns on the time at which the motion is filed.  If the motion is filed no later than ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is filed after that time, it falls under Rule 60(b)."  *Lavespere v. Niagara Mach. & Tool Works, Inc*., 910 F.2d 167, 173 (5th Cir.1990), abrogated on other grounds by *Little v. Liquid Air. Corp*., 37 F.3d 1069 (5th Cir.1994) (en banc).  In this Matter, Plaintiffs' motion was filed within ten days after the entry of the Order, so the Court treats it as a motion for relief from judgment under rule 59(e).[1]

---

[1]Cross argues that Plaintiffs did not file the Motion within ten days of the Order and the Motion should be a FRCP 60(b) Motion instead of a FRCP 59(e) Motion.  However, FRCP 6(a)(2) says that intermediate Saturdays and Sundays are excluded when the time period in which a party may file a motion is less than eleven days.  The Court's

Plaintiffs do not challenge this Court's finding that the ticket associated with the April 12, 2007 is irrelevant to this case and that any admission would be prejudicial.  Accordingly, this Court's March 7, 2008, Order to that effect remains.

Turning to Cross' guilty plea, the Court must decide whether any of the circumstances in Rule 59 warrant relief.  Under Rule 59, a district court enjoys considerable discretion in granting or denying such a motion.  *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990); *First Commonweatlh Corp. v. Hibernia Nat. Bank of New Orleans*, 891 F.Supp. 290 (E.D.La. 1995), amended 896 F.Supp. 634, aff'd 85 F.3d 622.  A Court may grant a Rule 59 motion for reconsideration or to alter or amend the judgment when:  (1) an intervening change in the controlling law has occurred, (2) evidence not previously available becomes available, or (3) it is necessary to correct clear error of law or to prevent manifest injustice.  *Schewe v. USAA Cas. Ins. Co.*, No. 06-cv-881, 2008 US Dist. LEXIS 19147 (E.D. La. Mar. 11, 2008).  Reconsideration is an "extraordinary remedy which should be used sparingly and should not be used to relitigate old matters, raise new arguments, or present evidence that could have been raised prior to the entry of judgment."  *Lafargue v. Jefferson Parish*, No. 98-3185, 2000 WL 174899, *1 (E.D. La. 2000).

At the time the Motion in Limine was submitted to this Court, the record demonstrated that the traffic ticket issued on May 25, 2006, was not prosecuted and was dismissed.  There also was no indication that Cross pled guilty to the ticket.  Moreover, its was represented to the Court that plaintiffs were trying to have the applicable court "re-issue" the ticket but that they had not been

Order was given March 7, 2008.  Time calculation started on March 10, 2008 because March 8 and 9 were a Saturday and Sunday.  The last day Plaintiffs could file a 59(e) Motion would be March 21, 2008 because March 8, 9, 15 and 16, 2008 are not included in the time calculation.  Therefore, Plaintiffs are correct in filing a FRCP 59(e) Motion on March 20, 2008, because the Motion was filed within ten days of the Court's Order.

successful.  This Court heavily relied upon the fact that the ticket was dismissed in granting Cross'

Motion in Limine.  Apparently, plaintiffs were successful in having the ticket "re-issued" and failed

to bring that fact to the attention of the Court prior to the Motion in Limine being decided.  It has

now been shown that Cross pled guilty to the citation.  *See* Ex.1 to Rec. Doc. 88.  As plaintiffs have

supplied this Court with new evidence with its Motion for Reconsideration, grounds for

reconsideration are warranted.  The fact that plaintiffs waited until this Court's Order and Reasons

was issued is irrelevant.  Moreover, while Cross opposes plaintiffs' motion for timing purposes, it

does not dispute the fact that he pled guilty to the May 25, 2006, citation.

The Court must now decide whether the admission of Cross' citation is relevant to the instant

case and if relevant, whether the admission of the citation would create a prejudice that outweighs

its probative value.

Rule 401. Definition of "Relevant Evidence"

"Relevant evidence" means evidence having any tendency to make
the existence of any fact that is of consequence to the determination
of the action more probable or less probable than it would be without
the evidence.

Rule 403. Exclusion of Relevant Evidence on Grounds of Prejudice,
Confusion, or Waste of Time

Although relevant, evidence may be excluded if its probative value is
substantially outweighed by the danger of unfair prejudice, confusion
of the issues, or misleading the jury, or by considerations of undue
delay, waste of time, or needless presentation of cumulative evidence.

In the prior Order, the Court found that the citation, having not been prosecuted and

dismissed, was not relevant to the subject litigation and its admission highly prejudicial.  Rec. Doc.

85 at p.3.  There is now new evidence before the Court showing that Cross pled guilty to the citation

issued as a result of the accident.  A plea of guilty is an admission against interests by the driver, and is admissible as relevant evidence to show fault.  *Arceneaux v. Domingue*, 365 So. 2d 1330, 1336 (La. 1978), *on remand*, 370 So. 2d 1262 (La.App. 3rd Cir.1979), *writ denied*, 374 So. 2d 660(1979) accord *Shepard on Behalf of Shepard v. Scheeler*, 701 So. 2d 1308, 1315 (La. 1997).  Further, Cross' guilty plea to the ticket relating to this accident is relevant under FRE 401.  Accordingly, the guilty plea to the accident giving rise to this litigation is clearly relevant to this case.

Cross, relying on *Chaney v. New Orleans Public Facility Management, Inc.*, 1997 WL 705546, (E.D. La. 1997), argues that the prejudice involved in admitting the guilty plea outweighs its probative value under FRE 403.  The Court in *Chaney* granted plaintiff's Motion in Limine because the guilty pleas defendant was trying to admit were not issued for the incident involved with the litigation.  The court found such pleas were irrelevant under FRE 401 and highly prejudicial under FRE 403.  *Id.  Chaney* is inapplicable to this case because unlike the plaintiff in *Chaney*, Cross' guilty plea pertains to the citation Cross received for the accident at issue in this litigation. Accordingly, the citation is relevant to this case.

For the foregoing reasons, plaintiffs' Motion for Reconsideration is granted and the Court denies Defendants' Motion in Limine.

Accordingly,

**IT IS ORDERED** that plaintiffs' Motion for Reconsideration, Rec. Doc. 88, is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine, Rec. Doc.40 is **DENIED**.

New Orleans, Louisiana, this 21st day of June, 2008.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT JUDGE**