UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MONIQUE TORREGANO | CIVIL ACTION |
| VERSUS | NO. 06-6111 |
| BOBBY D. CROSS, et al | SECTION "K" (3) |

### ORDER AND REASONS

Currently before the Court is Plaintiffs' Motion for Reconsideration. Rec. Doc. 89. Defendant filed an Opposition. Rec. Doc. 92. The Motion came for hearing without oral argument on April 16, 2008, and was submitted on the briefs. The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence is fully advised in the premises and ready to rule.

I.   **BACKGROUND**

Plaintiffs were allegedly struck by a tractor trailer operated by Bobby Cross and owned by Crete Carrier Corporation on May 25, 2006. Plaintiffs filed this action in the Civil District Court, Parish of Orleans, for injuries received in the accident. Exhibit "A" attached to Rec. Doc. 3. The action was removed to this Court on September 19, 2006. Rec. Doc. 1.

Bobby Cross filed a Motion to Enforce Settlement or Alternatively, Motion for Reimbursement of Settlement Proceeds because there was a dispute over what the settlement entailed. Rec. Doc. 43. Plaintiff, Monique Torregano, argued the settlement was only for "property damage" and "loss of use" of the vehicle. Cross argued the settlement covered not only "property damage" and "loss of use" of the vehicle, but also bad faith allegations of penalties and attorney's fees. The Court denied Cross' Motion to Enforce Settlement finding that there was no meeting of the minds with regard to the settlement between the parties. The settlement was rendered null, and

the Court ordered Plaintiff to reimburse all amounts tendered as the settlement funds. Rec. Doc. 86.

Plaintiff filed the instant Motion to Reconsider pursuant to FRCP 59 arguing that reconsideration is necessary prevent manifest injustice. Specifically, Plaintiff alleges that she has already contacted the lien holder of her automobile and made arrangements to pay off the loan with the settlement funds. Furthermore, Plaintiff argues that the settlement check was made payable to the lien holder, not Plaintiff, and she cannot return to Cross what she never possessed. In the event this Court finds reimbursement proper, Plaintiff requests the Court make a finding that the bank's lien creates a proprietary interest in the reimbursed funds and also determine a method by which the bank may obtain those funds. *See* Rec. Doc. 89 at p. 3-4.

Cross' Opposition argues that Plaintiff offers no new evidence nor has she shown that any manifest injustice occurred or will occur to support a change in this Court's Order. Additionally, Cross argues this Court was proper in granting the Motion for Reimbursement because no settlement occurred. Rec. Doc. 92.

**II.   LAW AND ANALYSIS**

There is no motion for "reconsideration" in the Federal Rules of Civil Procedure. *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir.1998); *Bass v. U.S. Dept. of Agriculture,* 211 F.3d 959, 962 (5th Cir. 2000). Further, a motion filed after judgment requesting that the court reconsider its decision constitutes either a motion to "alter or amend" under FRCP 59(e) or a motion for "relief from judgment" under FRCP 60(b). *Texas A&M Research Foundation v. Magna Transp., Inc.,* 338 F.3d 394, 400 -401 (5th Cir 2003). Under which Rule the motion falls turns on the time at which the motion is filed. If the motion is filed no later than ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is filed after that time, it falls under

Rule 60(b)." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990), abrogated on other grounds by *Little v. Liquid Air. Corp.*, 37 F.3d 1069 (5th Cir.1994) (en banc). In this Matter, Plaintiff's motion was filed within ten days after the entry of the Order, so the Court treats it as a motion for relief from judgment under rule 59(e).[1]

Under Rule 59, a district court enjoys considerable discretion in granting or denying such a motion. *Lavespere*, 910 F.2d at 173; *First Commonweatlh Corp. v. Hibernia Nat. Bank of New Orleans*, 891 F.Supp. 290 (E.D.La. 1995), amended 896 F.Supp. 634, aff'd 85 F.3d 622.  A Court may grant a Rule 59 motion for reconsideration or to alter or amend the judgment when:  (1) an intervening change in the controlling law has occurred, (2) evidence not previously available becomes available, or (3) it is necessary to correct clear error of law or to prevent manifest injustice. *Schewe v. USAA Cas. Ins. Co.*, No. 06-cv-881, 2008 US Dist. LEXIS 19147 (E.D. La. Mar. 11, 2008). Reconsideration is an "extraordinary remedy which should be used sparingly and should not be used to relitigate old matters, raise new arguments, or present evidence that could have been raised prior to the entry of judgment." *Lafargue v. Jefferson Parish*, No. 98-3185, 2000 WL 174899, *1 (E.D. La. 2000).

Plaintiff argues that the instant Motion should be granted to prevent a manifest injustice. This Court finds that no manifest injustice has occurred by Cross' reimbursement of settlement funds nor will such an injustice occur as Plaintiff's case is still before the Court and Plaintiff has the

---

[1] Cross argues that Plaintiff did not file the Motion within ten days of the Order and the Motion should be a FRCP 60(b) Motion instead of a FRCP 59(e) Motion. However, FRCP 6(a)(2) says that intermediate Saturdays and Sundays are excluded when the time period in which a party may file a motion is less than eleven days.  The Court's Order was given March 7, 2008.  Time calculation started on March 10, 2008 because March 8 and 9 were a Saturday and Sunday.  The last day Plaintiff could file a 59(e) Motion would be March 21, 2008 because March 8, 9, 15 and 16, 2008 are not included in the time calculation.  Therefore, Plaintiff was correct in filing a FRCP 59(e) Motion on March 20, 2008 because the Motion was filed within ten days of the Court's Order.

opportunity to go to trial as well as collect amounts that she claims are due. Thereafter, Plaintiff may pay her lien creditor. Furthermore, the bank can intervene in the action and protect its security interest.

The Court also rejects Plaintiffs' requests for the Court to find that the bank as a ranking security interest and to determine a method for the lien holder to recover the funds. A Motion for Reconsideration is not the avenue through which such relief is available. If Plaintiff believes her bank is entitled to relief, she or her bank can file a motion requesting same.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Reconsideration (Rec. Doc. 89) is **DENIED.**

New Orleans, Louisiana, this 21st day of June, 2008.

　　　　　　　　　　　　　　　　　　　　　　　**STANWOOD R. DUVAL, JR.**
　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**