UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MONIQUE TORREGANO**                                    **CIVIL ACTION**

**VERSUS**                                                **NO. 06-6111**

**BOBBY D. CROSS, et al**                                 **SECTION "K" (3)**

### ORDER AND REASONS

Before the Court is a plaintiffs' motion for summary judgment. Rec. Doc. 95. The motion is opposed. 105. The matter came for hearing without oral argument on July 23, 2008 and was submitted on the briefs. For the following reasons, the Motion is denied.

**I.     BACKGROUND**

On May 25, 2006, plaintiff, Monique Torregano was driving on the elevated portion of Highway 90 when she was involved in a motor vehicle accident with an eighteen wheeler driven by defendant, Bobby Cross. Cross was employed by Crete Carrier Corporation at the time of the accident. At the time of the accident, Tina Torregano, Monique's mother, was a passenger in the vehicle operated by Monique.

The Torreganos filed suit for injuries allegedly received during the accident and for property damage to the vehicle against Cross, Crete and Great West Casualty Company. The suit was originally filed in the Civil District Court, Parish of Orleans, and timely removed to this Court.

Plaintiffs filed the instant motion arguing that the undisputed evidence shows that Cross negligently failed to see what he should have seen and moved into Monique Torregano's lane smashing into her car. In support, plaintiffs submit that Cross was charged with an illegal lane change and pled guilty to this offense in New Orleans Traffic Court. They also rely upon the Uniform Motor Vehicle Crash Report of Officer Ronald Bonnette which reports that Cross was at fault and is silent as to any fault of Torregano. Further, plaintiffs assert that the attending officer

did not cite Monique Torregano with any violation of the law and that Cross did not tell the attending officer that Torregano was at fault for anything. Additionally, plaintiffs rely on the deposition testimony of Cross in which he stated that he believed he struck the vehicle driven by Monique with the front right side steering wheel, that there were no blind spots on the right side of the cab or trailer, that his mirrors were properly adjusted, that Monique Torregano's vehicle was struck by a wheel from the cab, and that he did not see the Torregano vehicle as he moved into the third lane of the roadway. Plaintiffs request summary judgment on liability.

Defendants respond that there are many fact issues in dispute preventing summary judgment. Specifically, they urge that Torregano's speed is at issue, whether Cross was passing Torregano immediately prior to the accident is at issue, whether one or two impacts occurred is at issue, whether Torregano was distracted is at issue, whether Cross or Torregano initiated the impact is at issue and where Torregano entered the roadway is in dispute. Defendants also submit that their accident reconstruction expert has opined that there were not one, but two impacts and further opines that the accident did not occur as described by Officer Bonnette in the Uniform Motor Vehicle Crash Report. Further, defendants argue: that plaintiffs misstated Cross' testimony as to how the accident occurred as he never testified nor admitted that he hit, struck or initiated contact with the Torregano vehicle; that the only evidence submitted in support of the argument on liability is Torregano's self-serving testimony and defendants' accident reconstruction expert's opinions contradict this testimony; the Uniform Motor Vehicle Crash Report is inadmissible because the attending officer did not witness the accident and, therefore, has no first hand knowledge; even if admissible, the report is contradicted by the findings of defendants' expert; Cross' guilty plea is not conclusive evidence of negligence; and fact issues remain concerning whether or not Monique Torregano was

comparatively negligent.

After defendants filed their opposition, plaintiffs moved for leave to file a reply memorandum. Rec. Doc. 106. In the proposed reply memo, plaintiffs attack the arguments made by defendants in opposition and include a report from their reconstruction expert which, in sum, rebuts the conclusions of defendants' expert and provides that Cross should have seen Torregano's vehicle prior to changing lanes. Plaintiffs also argue that the Uniform Motor Vehicle Crash Report should be admitted because it is based upon first hand knowledge of Officer Bonnette because he was present at the scene when the accident occurred and that the guilty plea is admissible. Defendants filed an opposition to the motion for leave to file a reply arguing that they learned of plaintiffs' accident reconstruction expert and his opinion for the first time in the reply memo. Prior to the motion for leave, defendants claim they did not know that plaintiffs had retained or would be retaining an accident reconstruction expert. Defendants request that the Court deny the motion for leave to file a reply because the accident reconstruction expert's opinion's were not submitted with the original motion for summary judgment. Because the opinions are "new evidence" and improperly submitted in with a reply brief, defendants argue the reply should not be allowed. Alternatively, defendants request a continuance of plaintiffs' summary judgment motion.

## II.   LAW AND ANALYSIS

### A.   Plaintiffs' Motion for Leave to File Reply.

The decision to grant a motion for leave to file a reply brief relies on the interpretation and application of local rules and local practice. As these are matters within the district court's discretion, the district court's decision is reviewed for abuse of discretion. *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 714 (6th Cir. 2006). Local Rule 7.5 E provides that a party may file an opposition to a

motion eight days prior to the noticed hearing date.  The rule also provides that "[n]o supplemental opposition may be filed except with leave of court first obtained."  Local Rule 7.5 E.

Defendants submit that leave of court to file a reply should not be granted because the reply memo raises "new evidence" not submitted in with the original motion for summary judgment.  This argument is rejected because the opinions of plaintiffs' reconstruction expert are being used to rebut the opinions of defendants' accident reconstruction expert provided in their opposition.  Further, the content of plaintiffs' reply motion does not change this Court's opinion, as hereinafter discussed, that summary judgment is denied.  Accordingly, plaintiffs' motion for leave to file a reply (Rec. Doc. 106) is granted and the Court will consider the reply memorandum in its summary judgment analysis.[1]

### B.     Summary Judgment.

Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FRCP 56(c).  The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.  *Stults v. Conoco*, Inc., 76 F.3d 651, 655-56 (5th Cir. 1996).  Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case.  *See Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The non-moving party must do more than simply deny the allegations raised by the moving party.  *See Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992).

---

[1] In light of this ruling, plaintiffs' motion for leave to file a reply to defendants' opposition to plaintiffs' motion for leave to file a reply (Rec. Doc. 109) is Moot.

Rather, the non-movant must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. *Id.*

After reviewing all evidence filed in support of the motion and in support of the opposition, the Court finds that there are fact issues which preclude summary judgment at this time. Among other issues in dispute are the facts surrounding the accident as the Torreganos and Cross were all deposed and give conflicting versions of the events. Further, the accident reconstruction experts retained by each party offer different opinions as to the cause of accident and give different opinions on whether there was one or two impacts. Defendants have come forward with competent evidence to rebut the claim by plaintiffs that they are entitled to a judgment as a matter of law on liability. The motion for summary judgment is, therefore, denied. However, the Court notes that it does appear that the truck driven by Cross entered into plaintiffs' lane; nevertheless, because there are fact issues regarding the degree of comparative negligence of the Monique Torregano, if any, the motion is denied.

Accordingly,

**IT IS ORDERED** that plaintiffs' motion for summary judgment (Rec. Doc. 95) is denied

**IT IS FURTHER ORDERED** that plaintiffs' motion for leave to file a reply (Rec. Doc. 106) is granted and that plaintiff's motion to file a reply to defendant's reply (Rec. Doc. 109) is denied.

New Orleans, Louisiana 27th day of August, 2008**.**

**UNITED STATES DISTRICT JUDGE**
**STANWOOD R. DUVAL**