UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MONIQUE TORREGANO AND TIA**  **CIVIL ACTION**
**TORREGANO**

**VERSUS**  **NO. 06-6111**

**BOBBY D. CROSS, ET AL**  **SECTION "K"(3)**

## ORDER AND OPINION

Before the Court is the "Motion to Dismiss for Failure to Comply with the Judgment of This Honorable Court" filed on behalf of defendants Bobby Cross, Crete Carrier Corporation, and Great West Insurance Company (Doc. 120). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, DENIES the motion.

### BACKGROUND

On May 25, 2006, a tractor-trailer truck owned by Crete Carrier Corporation and operated by Bobby Cross, an employee of Crete Carrier Corporation, struck the Chevrolet Cavalier owned and operated by Monique Torregano and in which Tia Torregano was a passenger. On August 8, 2006, the insurer offered Monique Torregano $8,700.00 for damage to her vehicle. Monique Torregano signed a Power of Attorney, Bill of Sale, and Property Release and returned the documents to Great West Insurance Company. For unknown reasons, the proceeds were not tendered for several months.

Monique and Tia Torregano filed suit in Civil District Court for the Parish of Orleans against Bobby Cross, Crete Carrier Corporation , and Great West Casualty Company seeking damages for their personal injuries sustained in the accident. Additionally Monique Torregano sought property damage for her car. Both plaintiffs alleged that they had "incurred reasonable expenses for post-accident rental vehicles and other transportation" and that "Great West Casualty Company violated La. R.S. 22:1220."

Defendants removed the suit to this Court.

In March 2007, defendants offered Monique Torregano $8,700.00 for damage to her vehicle plus $2,000.00 for loss of use of the vehicle and tendered the funds and a receipt and release covering all property damage clams to plaintiffs' counsel. Plaintiffs' counsel unilaterally altered the release to reserve to Monique Torregano her rights to a claim under La. Rev. Stat. 22:1220 for arbitrary and capricious failure to pay the property damage claim. Plaintiffs' counsel then gave Monique Torregano the proceeds for the loss of use of her vehicle and forwarded the $8,700.00 check for damage to the vehicle, which was apparently made payable to Capital One Bank, the lien holder on the vehicle, to Capital One.

Defendants apparently did not respond to plaintiffs' counsel's reservation of the §1220 claim with respect to the payment of property damage until several months later when they filed a "Motion to Enforce Settlement or Alternatively, Motion for Reimbursement of Settlement Proceeds" contending that they had intended their payments to settle all property claims, including the claim for bad faith. (Doc. 43). The Court denied the motion to enforce the settlement concluding that"[t]here was not a meeting of the minds between the Plaintiffs and the Defendants as to what was being settled[,]" but granted defendants' motion for reimbursement of the proceeds paid. (Doc. 86, p. 3). Thereafter, the Court denied plaintiffs' motion for reconsideration.

Despite the denial of the motion for reconsideration, plaintiffs did not reimburse the defendants for the sums previously paid. Counsel for plaintiffs has represented that Monique Torregano lacks the personal funds to reimburse the defendants, but he hs indicated that he has forwarded to the defendants a draft for $2,000.00 to reimburse them for the loss of use payment. With respect to the $8,700.00 for the damage to Monique Torregano's vehicle, after the Court ordered plaintiffs to reimburse defendants for the "settlement" payments, plaintiffs' counsel wrote to Capital One, requesting that it return of the money

to the insurance company.[1]  As of October 7, 2008, Capital One had not responded to plaintiffs' counsel's request to return the funds for the damage to the vehicle.

## LAW AND ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure states in pertinent part that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  To dismiss a claim with prejudice for plaintiff's failure to comply with a court order, "the court must find that (1) the plaintiff deliberately or contumaciously refused to comply with (2) multiple or repeated court orders (3) despite the imposition of lesser sanctions."  *Holden v. Simmons Paper Company*, 48 Fed. App. 917 at *2 (5th Cir. September 18, 2002).  The Fifth Circuit has noted:

> In the line of cases describing dismissals for failure to prosecute, we have considered other aggravating factors, such as whether the plaintiff or attorney caused the delay, the delay prejudiced the defendant, or the attorney acted intentionally. *Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985). It is uncertain whether these same aggravating factors apply to a dismissal for a party's refusal to obey court orders. We do not need to reach the question, because the boilerplate test adequately measures many of these factors . ..

*Holden v. Simmons Paper Company*, 48 Fed. App. at n.2.  Dismissal with prejudice is an extreme sanction and is reserved for the most egregious cases.  *See Id.* at *2, *see also Boudwin v. Graystone Insurance Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985).

The Court finds that none of the *Holden* requirements for dismissing plaintiffs' claims are present.  Although the "settlement" proceeds have not been reimbursed as ordered, there is no evidence that Monique Torregano's failure to comply with the order is the result of deliberate or contumacious conduct.  It is undisputed that Monique Torregano did not have the personal funds to reimburse the defendants.

---

[1] Plaintiffs' counsel included a copy of the Court's reimbursement order in the letter to Capital One.

Plaintiffs' counsel should have been more proactive in attempting to comply with the reimbursement order, e.g. pushing Capital One for return of the funds and requesting a payment plan from defendants or making alternative arrangements to reimburse the defendants. However, counsel's inaction failure does not warrant dismissal of plaintiffs' claims.

Additionally, the Fifth Circuit has noted "[g]enerally, where a plaintiff has failed only to comply with a few court orders or rules, we have held that the district court abused its discretion in dismissing the suit with prejudice." *Berry v. Cigna/RSI-Cigna*, 975 F.2d 1188, 1191 n. 6 (5th Cir. 1992). This is the only established failure by plaintiffs to comply with a court order. The record indicates that defendants filed a motion to strike plaintiffs' vocational expert, a motion to strike plaintiffs' economic expert, and a motion to strike plaintiffs' witness and exhibit lists because in each case plaintiffs failed to comply with the Court issued Scheduling Order. However, Judge Porteous denied the motions to strike the experts as moot after continuing the trial and the scheduling deadlines, and plaintiffs filed their Witness and Exhibit List shortly after defendants filed their motion. Thus, the Court concludes that plaintiffs have not refused to comply with "multiple or repeated court orders."

The final consideration in analyzing the request for dismissal is whether despite the imposition of lesser sanctions the plaintiff has refused to comply with the Court's order. *Holden v. Simmons Paper Company*, 48 Fed. App. at *2. No lesser sanctions have previously been imposed for the failure to comply with the reimbursement order. In fact, defendants did not bring plaintiffs' failure to comply with the reimbursement order to the Court's attention prior to filing this motion to dismiss and never requested a sanction less than dismissal with prejudice.

Considering the totality of the circumstances, dismissal with prejudice is too severe a punishment, particularly since defendants have not demonstrated any prejudice arising from plaintiffs' failure to

4

comply with the reimbursement order. Accordingly, the motion to dismiss is denied. However, the Court finds it appropriate to impose a lesser sanction for plaintiffs' failure to comply with the reimbursement order. Therefore, the Court will schedule a telephone status conference with lead counsel for all parties to discuss an appropriate sanction and to develop a plan to insure plaintiffs' timely compliance with the reimbursement order. The Court will issue a separate order setting forth the date and time of the telephone status conference.

New Orleans, Louisiana, this 21st day of October, 2008.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE