MINUTE ENTRY
DUVAL, J.
November 19, 2008

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MONIQUE TORREGANO AND TIA TORREGANO | CIVIL ACTION |
| VERSUS | NO. 06-6111 |
| BOBBY D. CROSS, ET AL | SECTION "K"(3) |

Attending the pretrial conference held November 18, 2008 were:

Keith Couture and Samuel Beardsley for plaintiffs Monique Torregano and Tia Torregano and
James W. Hailey, III and Justin Alsterberg for defendants Bobby Cross, Crete Carrier Corporation, and Great West Casualty Company.

For the reasons stated on the record at the pretrial conference, the Court took the following actions with respect to the following motions:

1. The "Motion to Strike Plaintiffs' Motion in Limine to Exclude or Limit Testimony of Michael H. DeHarde" filed on behalf of defendants Bobby Cross, Crete Carrier Corporation, and Great West Casualty Company (Doc. 175) is Denied.

2. The "Motion in Limine to Exclude or Limit Testimony of Michael H. DeHarde" filed on behalf of plaintiffs Monique Torregano and Tia Torregano (Doc. 126) is Denied. However, Mr. DeHarde will not be permitted to express an opinion concerning which ramp Monique Torregano used to enter the Pontchatrain Expressway. He may opine that if Monique Torregano entered the Pontchatrain Expressway via the on ramp closest to the accident site that there are line of sight issues, and he may express opinions concerning those line of site issues.

	3.  The "Motion to Strike Defendants' Accident Reconstruction Expert's Amended Report" filed on behalf of plaintiffs Monique Torregano and Tia Torregano (Doc. 179) is Denied.

	4.  The "Motion to Strike Plaintiffs' Amended Witness List" filed on behalf of defendants Bobby Cross, Crete Carrier Corporation, and Great West Casualty Company (Doc. 136) is DENIED.

	The Court reviewed the pretrial order with counsel; the following actions were taken with respect to the pretrial order:

	1.  The pretrial order is amended to reflect that Plaintiffs' Contention of Contested Fact "F" is an uncontested material fact.

	2.  Contested Issue of Law "C" is stricken; it is a prohibited omnibus listing.

	3.  The pretrial order is amended to reflect that defendants will object to Plaintiffs' Exhibit No. 1 on the basis that it is hearsay.

	4.  The pretrial order is amended to reflect that defendants may object to Plaintiffs' Exhibit 5, the video taken by Edmund Prevost.

	5.  The description of Plaintiffs' Exhibit 8 is amended to delete "previous" before "treating physicians . . . ."

	6.  With respect to Plaintiffs' Exhibit 10, the Court advised the parties that the reports of experts are inadmissible.

	7.  The description of Plaintiffs' Exhibit 11 is amended to include the traffic citation issued to Bobby Cross as a result of the accident with Monique Torregano.

8. Plaintiffs' Exhibit 12 is amended to reflect that the personnel and employment records referred to are Bobby Cross's records with Crete Carrier Corporation.

9. Plaintiffs' Exhibits 13, 18, 19, are stricken; they are prohibited omnibus listings.

10. Plaintiffs' Exhibits 21 and 22 are stricken; if plaintiffs learn of additional exhibits which they seek to introduce into evidence at trial, they must file a motion for leave of Court to amend the pretrial order to add the additional exhibits.

11. Defendants' Exhibits 2 and 10 are stricken; defendants do not intend to introduce the property damage appraisals.

12. Defendants' Exhibits 12 and 13 are stricken; they are prohibited omnibus listings.

13. Defendants' Exhibit 16 is stricken; defendants indicated that they have no such records to introduce.

14. The pretrial order is amended to reflect that plaintiffs may object to the report referred to in Defendants' Exhibit 17 as hearsay.

15. Defendants' Exhibit 20 is stricken; the reports of experts are not admissible; the C.V. an expert witness may be admitted into evidence if the parties enter into such a stipulation.

16. Defendants' Exhibit 21 is stricken; it is a prohibited omnibus listing.

17. Defendants' Exhibit 25, 26, 32, and 39 are stricken; they are prohibited omnibus listings.

18. Defendants' Exhibits 31, 34, and 36 are stricken; reports of expert witnesses are not admissible.

19. Defendants' Exhibits 40 and 41 are stricken; if defendants learn of additional exhibits which they seek to introduce into evidence at trial, they shall file a motion for leave of

Court to amend the pretrial order to add the additional exhibits.

20. The pretrial order is amended to designate the following plaintiffs' witnesses as "Will Call Witnesses": Monique Torregano, Tia Torregano, Ronald Bonnette, Shael Wolfson, Aaron Wolfson, James Dyess, M.D., Bradley Bartholemew, M.D., John L. Freiberg, M.D., Richard Wakeman, Dr. Terry Habig, Sal Fariello, and Edmund Prevost.

21. The pretrial order is amended to designate the following defendants' witnesses as "Will Call Witnesses": Michael DeHarde, Kenneth Boudreaux, Stuart Wood, or Dan Cliff, Dr. Bryant G. George, Sr., Dr. James C. Butler, Dr. Richard Roniger, Nancy Favaloro, or Mary Seylor, Bobby Cross, R. Bonnette, Joe Schembre, Colin Joachim, and Kim Voltz.

22. Defendants will not call a representative of Crete Carrier Corporation.

23. Defendants' Witnesses 14 and 18 are stricken; they are prohibited omnibus listings.

24. With respect to Defendants' Exhibit 15, defendants advised that they will introduce certified medical records and therefore no medical records custodians will be called as witnesses.

The parties advised the Court that no deposition testimony will be offered as evidence at the trial.

The Court advised the parties that prior to trial they are to show to opposing counsel any demonstrative evidence they or their experts intend to use at trial.

**PLEASE READ AND STRICTLY COMPLY WITH EACH DEADLINE ESTABLISHED HEREIN. Failure to comply with this order may result in sanctions, including, but not limited to, waiver of issues and objections not timely filed, an award of costs and expenses, a continuance of the trial date, and/or dismissal.**

Prior to **November 21, 2008** counsel shall:

a. meet, pre-mark, and exchange all exhibits intended to be used at trial and stipulate as to their authenticity and admissibility, if possible.

b. review all deposition testimony to be used at trial in accordance with this Court's rules and shall eliminate all attorney colloquy, extraneous, and objectionable material therefrom.

No later than **4:30 p.m., November 21, 2008**, counsel shall:

a. file all memoranda (an original and one copy) relative to the objections to exhibits;

**No party shall be permitted to make use at trial of any exhibits for which no stipulation as to authenticity and admissibility exists or for which no memorandum relative to the objections has been timely submitted, except by leave of Court or for good cause shown.**

**Furthermore, when filing any motion in limine with respect to an exhibit, counsel must identify each relevant exhibit by that number used in the Bench Books to be provided to the Court; otherwise, a copy of each exhibit must be attached to the motion. Failure to comply with this order may result in the automatic denial of the motion in limine.**

b. file all motions in limine and memoranda in support thereof mentioned in the pre-trial order;

c. deliver to Court one bench book with copies of marked exhibits containing a specific list of exhibits with each. The exhibits for the record shall be given to the Courtroom Deputy on the morning of trial.

d. submit copies of depositions to be used at trial marked with designations shown in high-lighter pen (one color for each party), and all written objections and memoranda relative thereto. **The Court will not permit the use of deposition testimony not prepared in compliance with these requirements at trial, except for good cause shown; any objection not briefed will be considered waived.**

e. submit the curriculum vitae and a copy of the report of each expert listed in the pre-trial order.

f. submit an original and one copy of proposed jury instructions, jury

5

        interrogatories, special voir dire questions, a joint statement of the case (which is a short synopsis of the facts of the case to be used for voir dire purposes).

g.      identify by name any witness identified as a "representative" in the pre-trial order by addendum to the Pre-Trial Order.  **FAILURE TO DO SO WILL CONSTITUTE A WAIVER OF THE RIGHT TO CALL SUCH WITNESS, EXCEPT UPON A SHOWING OF GOOD CAUSE.**

Responses to any memoranda filed on **November 21, 2008,** shall be filed no later than **4:30 p.m. November 25, 2008.**

**NOTE--ALL MATERIALS TO BE FILED SHALL BE FILED IN CHAMBERS--NOT IN THE CLERK'S OFFICE**

On the **day of trial** counsel shall,

a.      provide the Court with a copy of any deposition testimony to be used for impeachment purposes, along with any other discovery material that has not been previously provided to the Court.

b.      provide the Courtroom Deputy with a list of witnesses counsel intends to call each day of trial.

Counsel shall pursue amicable resolution of this matter.  In the event a settlement is reached, counsel shall retrieve all bench books and copies of depositions previously submitted to the Court within five days.  Failure to timely retrieve these materials shall be construed by the Court as a request to discard same.

On the day of trial, counsel shall be present in Chambers at 8:00 a.m. to discuss all necessary preliminary matters.  Jury selection and trial shall commence at 8:30 a.m. Counsel are hereby apprised that an Elmo Visual Presenter will be available for use at trial.  This system allows counsel to show all documents and exhibits to the jury on a

large screen and eliminates the need for copies of bench books for each juror.  The Elmo can also be used to display a variety of non-documentary evidence, such as three-dimensional objects and x-rays, to the jury. Also available is an Epson 5100 Data Video Projector, which will enable counsel to show material stored on floppy disks, hard drives, or CD-ROMS to the jury on the large screen using counsels' personal laptop computers. If counsel are unfamiliar with the use of an Elmo or Epson Projector, counsel may arrange to have the courtroom deputy or law clerk familiarize counsel with the devices the morning of trial or at an arranged meeting during the week before trial.  **The Court requires counsel to make use of the Elmo and/or Epson Projector.**

JS10 (01:30)